IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

RODNEY CONNALLY                          §

v.                                       §          CIVIL ACTION NO. 6:16cv504

RUSK COUNTY JAIL, ET AL.                 §


MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Rodney Connally, a former inmate of the Rusk County Jail proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As Defendants, Connally originally named the Rusk County Jail, Sheriff Jeff Price, a nurse identified as Mechelle, a sergeant identified as Jane, and a maintenance officer identified as John. In a second amended complaint filed on July 20, 2017, after the Magistrate Judge's Report issued, Connally identifies Sgt. Jane as Sgt. Rosa Chavez, Nurse Mechelle as Nurse Ra-Chelle Odum, and maintenance officer John as Jack Winfrey.

## I. Background

Connally filed an original complaint (docket no. 1) and an amended complaint (docket no. 7). After the Magistrate Judge's Report issued, Connally filed what he styled an "amended original complaint" (docket no. 56), which is in effect his second amended complaint.

In these complaints, Connally complains of the conditions of confinement in the Rusk County Jail, including allegations that he was constantly being exposed to asthma triggers despite being placed in a negative pressure cell. He asserted that: cleaning and painting was done right outside of his cell, exposing him to the fumes and aggravating his asthma; mop water containing

toxic chemicals came into his cell under the door; when he requested to see the doctor, Chavez and Odum told him that he would have to wait until the doctor came to the jail; Odum would not authorize a move to another cell while the painting was going on outside his cell; insecticide was sprayed into his cell, causing an asthma attack, but Winfrey would not move him out of the cell until the nurse told him to; when he had an asthma attack on May 6, 2014, Chavez and Odum came to his cell without any emergency responder equipment, and Odum did not take his vital signs and refused his request to see the doctor; and when he finally did get to see the doctor, he was told that his blood pressure was dangerously high, his bronchial passages were seriously inflamed, and Connally's burning sensation, watery eyes, and headaches were from the chemical irritants he had inhaled. The doctor prescribed several different kinds of medication and told him to avoid asthma triggers.

Connally asserted that he believed Sheriff Price had knowledge of his medical records and his disability as well as the jail's cleaning policies, but refused to respond reasonably. He contended that the failure to authorize his removal from the cell when the chemicals were in use amounted to deliberate indifference and violated the Americans with Disabilities Act. Connally asked for declaratory and injunctive relief as well as compensatory damages.

**II. The Defendants' Motion for Summary Judgment and the Responses**

The Defendants filed a motion for sumary judgment arguing that Connally failed to exhaust his administrative remedies. After explaining the jail grievance procedure, the Defendants attached summary judgment evidence including an affidavit from jail administratator Cassandra Shaw stating that Connally filed only two grievances while confined in Rusk County, one of which asked to go to the law library and the other of which asked for a commissary order sheet. Connally also filed a medical request concerning the inhalation of fumes and was sent to see the jail doctor. Because Connally did not file any grievances concerning the events forming the basis of his complaint, the Defendants maintained that he had failed to exhaust his administrative remedies and the lawsuit should be dismissed.

In his response to the motion for summary judgment, Connally argued that he filed his grievances by mailing them to the jail by certified mail after he was transferred to the Texas Department of Criminal Justice, Correctional Institutions Division. He attached copies of green cards purportedly showing these certified mailings, one of which bears a postmark of July 30, 2014, and the other of which is postmarked November 5, 2014.

The Defendants filed a reply arguing that Connally's green cards are not summary judgment evidence showing that he actually mailed grievances to the jail. They maintain that the competent summary judgment evidence shows that he did not file any grievances concerning his claims and attach another affidavit from Shaw stating that there is no record of Connally submitting such grievances by mail or in person, and that she personally searched for grievances and did not find any.

## III. The Report of the Magistrate Judge

After review of the pleadings and the summary judgment evidence, the Magistrate Judge issued a Report recommending that the Defendants' motion for summary judgment be granted. The sumamr yjudgment evidence showed that Connally filed two grievances, neither of which concerned the events forming the basis of the lawsuit. Although Connally asserted that he filed a Step One grievance by mailing it to the jail after he was transferred, some two months after the events took place, the Magistrate Judge determined that even if Connally was correct, the Rusk County Jail grievance procedure requires that grievances be filed promptly and did not provide for mailing grievances to the jail from another facility two months later, when the grievant was no longer in the jail. Because proper exhaustion requires compliance with the agency's deadlines and procedural rules, *see Woodford v. Ngo*, 548 U.S. 81, 89-95, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006), the Magistrate Judge concluded that Connally had not properly exhausted his administrative remedies. As such, the Magistrate Judge recommended that the lawsuit be dismissed.

**IV. Connally's Objections to the Report**

In his objections, Connally contends first that the Magistrate Judge failed to mention the fact that Connally asserted that he had exhausted his administrative remedies in his original and amended complaints. Connally cites a case called *Amaker v. Goord*, 1999 WL 511990 (S.D.N.Y., July 20, 1999), in which the defendants filed a motion to dismiss arguing that the plaintiff failed to exhaust administrative remedies, but the court held that based on the record, the question of exhaustion could not be determined, and the motion to dismiss was denied without prejudice to later re-asserting. Connally also points out that on a motion to dismiss, the plaintiff's allegations are to be taken as true; thus, he contends that if the defendants file a motion to dismiss based on exhaustion, the plaintiff can simply refer to the relevant paragraphs in his complaint alleging exhaustion, which the court must take as true.

In Connally's case, however, the Defendants filed a motion for summary judgment, not a motion to dismiss. Motions to dismiss test the sufficiency of the complaint and do not include considerations of evidentiary materials outside the pleadings. *Ferrer v. Chevron Corp.*, 484 F.3d 776, 782 (5th Cir. 2007); *Jacquez v. Procunier*, 789 F.2d 307, 309 n.4 (5th Cir. 1986). By contrast, a motion for summary judgment goes beyond the pleadings and tests the sufficiency of the evidence a party can produce in support of those issues on which it will bear the burden of proof at trial. *Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980); *Young v. Biggers*, 938 F.2d 565, 568 (5th Cir. 1991).

The Defendants filed a motion for summary judgment and supported it with competent summary judgment evidence. Connally, as the non-movant, cannot in response rest on the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment is appropriate if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case. *Bluebonnet Hotel Ventures, L.L.C. v. Wells Fargo Bank, N.A.*, 754 F.3d 272, 276 (5th Cir. 2014). Connally's contention that the

allegations of his pleadings were sufficient to overcome the Defendants' summary judgment evidence lacks merit.

Second, Connally complains that the Magistrate Judge omitted relevant information set out in his "amended original complaint." Specifically, Connally asserts that he had his attorneys provide his medical records to the jail to put the sheriff on notice of his medical conditions. Connally's "amended original complaint" was filed after the Magistrate Judge's Report issued, and there was no mention of providing medical records in his earlier complaint or amended complaint; thus, the Magistrate Judge did not allude to this claim. In any event, whether or not Connally's attorneys provided his medical records to the jail is not relevant to the question of exhaustion of administrative remedies. This objection is without merit.

Third, Connally complains that the Magistrate Judge did not mention the part in his "amended original complaint" where he claims that Sgt. Chavez "for whatever reason did not include a copy of the Rusk County Jail handbook with Plaintiff's property when she gave it to him," which he says caused him to lack sufficient knowledge to comply with the grievance rules.

Connally makes no mention of not having received a copy of the rule book in any of his previous pleadings or in his response to the motion for summary judgment. The summary judgment evidence contains a form signed by Connally stating "I have been given a copy of the Rusk County Jail Rules." This form is also signed by an officer, although the signature does not read Rosa Chavez. (Docket no. 31-1, p. 2). Thus, while Chavez may not have given him a copy of the jail rule book, the summary judgment evidence shows that he received a copy of the rule book from another officer. While Connally complains that he did not know about the jail's grievance procedure, he was plainly aware that he could file grievances, as shown by the fact that he filed two of them while in the jail and he also claims that he mailed grievances to the jail after his release.

In any event, even if Connally did not receive a copy of the jail rule book, contrary to his own signature attesting that he did, Cassandra Shaw's affidavit states that the grievance procedure is posted in highly visible locations around the jail, giving Connally notice of the grievance

procedure whether or not he received a copy of the rule book. (Docket no. 38-2, p. 1). Connally's conclusory assertion that he lacked knowledge of the grievance procedure cannot overcome the Defendants' summary judgment evidence and his objection on this point is without merit.

Fourth, Connally contends that the Magistrate Judge "failed to infer that Plaintiff notified Sgt. Rosa Chavez that was on duty of the problem and also attempted to informally resolve the issue, not knowing the inmate handbook and grievance plan required and if she could've handled the problem and she never did she was to forward the issue to the jail administrator Lt. Cassandra Shaw, Rosa Chavez never did that either." He also complains that Chavez should have told him the next step to take.

The Rusk County Jail plan provides that an inmate with a problem should notify the sergeant on duty in writing of the problem, and if the sergeant cannot handle the problem, he or she will forward the grievance to the jail administrator and to the sheriff if needed. Connally does not make clear if his claim is that he notified Chavez of his problem in writing; in other objections, Connally indicates that he notified Chavez verbally rather than in writing, as required by the grievance plan. To the extent that Connally asserts he notified Chavez in writing, this contention is raised for the first time in his objections and thus is not properly before the Court. *Finley v. Johnson*, 243 F.3d 215, 218 n.3 (5th Cir. 2001).

Nonetheless, any allegations that Connally submitted written grievances at the time of the incidents which were not answered or properly processed are insufficient to overcome the Defendants' motion for summary judgment or to evade the exhaustion requirement. *See Kidd v. Livingston*, 463 Fed. App'x 311, 2012 U.S. App. LEXIS 3970, 2012 WL 614372 (5th Cir. 2012), *cert. denied*, 133 S.Ct. 36 (2012) (conclusory assertion that prison officials never returned a processed grievance form did not create a genuine dispute as to plaintiff's exhaustion of his grievance); *Howe v. Livingston*, 2012 U.S. Dist. LEXIS 134138, 2012 WL 4127621 (E.D. Tex., Sept. 17, 2012) (vague and conclusory assertion that plaintiff's grievances "disappeared or were never answered" do not excuse exhaustion); *Willich v. Brownlow*, 2012 U.S. Dist. LEXIS 3621,

2010 WL 297844 (E.D. Tex. Jan. 19, 2010) (rejecting conclusory allegation of inability to exhaust). Nor does Connally allege that he ever contacted Lt. Shaw. *See Veloz v. New York*, 339 F.Supp.2d 505, 516 (S.D.N.Y. 2004) (unsupported allegations that grievances "must have been lost or misplaced" does not relieve inmate of the obligation to appeal claims to the next level once it becomes clear that a response to the initial filing was not forthcoming). His objection on this point is without merit.

Connally also indicates that because Chavez came to his cell on May 6 as part of an emergency response, she was on notice of the problem. The fact that a jail officer was involved in a response to an ongoing situation is not tantamount to filing a grievance for purposes of exhaustion. This objection is without merit.

Connally next complains that the Magistrate Judge should have appointed counsel to represent him. The Fifth Circuit has held that civil rights plaintiffs have no automatic right to appointment of counsel unless the case presents exceptional circumstances. *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). Such circumstances include: (1) the type and complexity of the case; (2) the plaintiff's inability to present his case; (3) the plaintiff's inability to investigate his case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. *Id.* at 213. Connally has not shown that exceptional circumstances existed, particularly in light of the fact that he failed to exhaust his administrative remedies. This objection is without merit.

Connally contends that according to the Defendants, he filed grievances asking to go to the law library and for a commissary order sheet, but there is no rule requiring that inmates file grievances to go to the law library or obtain a commissary order sheet. The Defendants furnished as summary judgment evidence two forms labeled "Rusk County Jail - Request/Grievance," in which Connally stated "I need to go to the law library" and "I need a commissary order sheet." (Docket no. 31-1, pp. 11-12). The Magistrate Judge correctly concluded that Connally had access

to these forms at or near the time the events complained of occurred and could have filed a request or grievance concerning these events. His objection on this point is without merit.

In his seventh objection, Connally complains that the Magistrate Judge erred by not taking as true his assertion that he exhausted his administrative remedies by mailing his grievances to the Rusk County Jail after his departure. The Magistrate Judge discussed Connally's claim in this regard and determined that mailing in grievances to the jail from another facility two months after the incident took place did not amount to proper exhaustion in compliance with the facility's administrative deadlines and procedural rules. *Woodford*, 548 U.S. at 89-95 (proper exhaustion is required). As a result, the Magistrate Judge concluded that Connally's mailings did not exhaust his administrative remedies. Even if Connally's mailing of grievances to the jail could be said to amount to "substantial compliance" with the grievance procedures, the Fifth Circuit has made clear that substantial compliance is not sufficient. *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010). Connally's contention that the Magistrate Judge did not consider this claim is without merit.

Similarly, Connally argues that he needs discovery so as to get a statement from Officer Shirley Sanders, whom he says signed for the Step One grievance which Connally states that he mailed to the jail. He asserts that Sanders had the obligation to transmit his grievance to the jail grievance board, but according to Shaw, Connally has no grievances on file. As the Magistrate Judge properly concluded, mailing a grievance to the jail from another facility two months after the incident, by a person no longer confined in the jail, was not "proper exhaustion" in compliance with the Rusk County Jail rules and procedures, whether or not Sanders forwarded the mailed grievance to the board. This objection is without merit.

Connally again claims that he was unaware of the grievance procedure, stating that his request to go to the law library was so that he could learn about the grievance policy. As set out above, the summary judgment evidence contains a signed statement from Connally saying that he had received a copy of the jail rule book, and Shaw's affidavit states that the grievance policy was posted in prominent places in the jail. (Docket no. 31-1, p. 2; docket no. 38-2, p. 1). If in fact

8

Connally was unaware of the jail grievance policy, he does not explain why he would request to go to the law library instead of simply asking for a copy of the jail rule book. Nor does Connally explain why he could not have filed a request/grievance form regarding the events forming the basis of this lawsuit. Connally's conclusory assertions are insufficient to overcome the Defendants' motion and summary judgment evidence. His objection on this point is without merit.

Connally next goes on to repeat his allegations that he exhausted his administrative remedies by mailing grievances to the jail from another facility, that he should have been appointed counsel, and that he exhausted his administrative remedies by speaking to a sergeant concerning the problem. He states that Chavez told him that like the nurse said, he would have to wait to see the doctor, and when he continued to complain, Chavez and the nurse just walked away. The Rusk County Jail grievance procedure requires that grievances be filed in writing, and request/grievance forms are furnished for that purpose. To the extent that Connally claims he exhausted his administrative remedies simply by speaking to the sergeant, this contention is without merit.

Connally asserts that the Rusk County Jail denied him access to court because he was not permitted to go to the law library to learn about the grievance procedure. He has not shown harm from the alleged denial of access because the summary judgment evidence shows that he acknowledged receiving a copy of the jail rule book and that copies of the grievance procedure were posted in the jail. Nor has he shown that he was precluded from filing a request form asking for another copy of the grievance procedure. The Supreme Court has explained that a showing of actual harm is required to set out a violation of the right of access to court. *Lewis v. Casey*, 518 U.S. 343, 348-4, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Connally has failed to show that he was unaware of the jail's grievance procedure or that he could not otherwise file grievances concerning the events complained of. This objection is without merit.

Connally goes on to maintain that he was repeatedly told grievance forms were not available. As the Magistrate Judge correctly observed, Connally plainly had access to grievance forms on May 13, 2014, shortly after the incidents of April 30 through May 7. He also filed another grievance

form on May 27, 2014.  The courts have rejected claims of lack of access to grievance forms where the prisoner demonstrated such access by filing other grievances within the same time period.  *See, e.g., Moore v. Miller*, civil action no. 2:11cv13, 2012 U.S. Dist. LEXIS 34810, 2012 WL 899311 (S.D.Miss., February 1, 2012), *Report adopted at* 2012 U.S. Dist. LEXIS 34811 (S.D.Miss., March 15, 2012) (allegation that prisoner could not get a grievance form was "disingenuous" given the fact that he had access to grievance forms just three days prior to the incident in question), *citing Dye v. Bartow*, civil action no. 06-C-0634, 2007 U.S. Dist. LEXIS 82400, 2007 WL 3306771 (E.D.Wisc., November 6, 2007) (allegation that plaintiff was denied grievance forms was not sufficiently supported by admissible evidence because the plaintiff did not provide specific facts to support his claim) *and Brown v. Burnett*, civil action no. 6:09cv156, 2010 U.S. Dist. LEXIS 48730, 2010 WL 1997777 (E.D.Tex., May 17, 2010) (plaintiff's allegations were "wholly conclusory and thus insufficient to evade the exhaustion requirement"). Connally's objection in this regard is without merit.

After once again arguing that speaking to the sergeant amounts to an attempt at informal resolution sufficient to satisfy the requirements of the grievance plan, Connally states that his mailing of the grievances to the jail was sufficient because the grievance requires that grievances be filed "promptly," which he says is not a deadline.  He asserts that because the jail grievance plan is "ambiguous," these procedures do allow for inmates to file grievances from another facility two months after the incident being grieved occurred.  Connally cites *Alexander v. Dickerson*, 2008 U.S. Dist. LEXIS 32866, 2008 WL 1827609, (E.D.Tex., April 22, 2008), in which this Court dismissed a claim against the Rusk County Jail for failure to exhaust administrative remedies, noting that a prisoner's failure to timely exhaust administrative remedies warrants dismissal of a civil rights lawsuit with prejudice, although an exception occurs where there are no time deadlines.  The Court concluded that the Rusk County plan did not have a deadline and therefore applied the exception, dismissing the lawsuit without prejudice rather than with prejudice.

In so holding, the Court relied on *Allard v. Anderson*, 260 F.App'x 711, 2007 U.S. App. LEXIS 29932, 2007 WL 4561110 (5th Cir. Dec.28, 2007). In that case, the plaintiff complained of a number of circumstances at the Hunt County Jail, but he did not discover certain injuries incurred by these conditions until after he was no longer confined in the jail. The district court dismissed the lawsuit for failure to exhaust administrative remedies, but the Fifth Circuit reversed in part as to those injuries which were not discovered until after his transfer. The Fifth Circuit stated as follows:

> Congress, by broadening the exhaustion requirement in the PLRA, aimed to ensure that prisoners could not avoid the requirement by purposefully seeking remedies through court that were unavailable through the administrative process. Additionally, where we have required pursuit of 'unavailable' relief through an available process, prisoners were aware of the alleged injuries underlying their claims when the administrative process was available to them. Neither of these conditions applies in the present case. Allard was not attempting to avoid the exhaustion requirement by bringing suit. Rather, he discovered that he had contracted hepatitis C several days after his transfer from the Hunt County Jail. At another undefined post-transfer date, he was also diagnosed with thyroid problems allegedly caused by his exposure to pesticides while sleeping on the jail floor. While he was an inmate—when he could have availed himself of administrative remedies—he was unaware of these injuries.

> The administration of the Hunt County Jail lacked any authority to hear Allard's hepatitis and thyroid complaints after he was transferred. Although typically we would require Allard to exhaust his remedies through Hunt County Jail's administrative processes before bringing suit in federal court, the Inmate Grievance Form made it clear that the administrative process was available only to "inmates." The jail's later rejection of Allard's attempt to exhaust verifies that the entire administrative process was unavailable to Allard once he was no longer an inmate. Allard was not an inmate when he discovered his alleged hepatitis and thyroid problems and therefore had no administrative processes available to him through Hunt County Jail. Nor was a remedy available through the Texas Commission on Jail Standards. We REVERSE the district court's dismissal of his complaint for failure to exhaust administrative remedies with respect to his hepatitis and thyroid problems discovered after Allard's transfer from the Hunt County Jail.

In a footnote concerning the availability of an administrative remedy, the Fifth Circuit observed that the Hunt County grievance form stated "in the event an inmate wishes to appeal a decision of the grievance procedure, the inmate shall request in writing a review of such a decision by the sheriff."

As with Hunt County, the Rusk County grievance procedures at issue in the present case were only available to "inmates." Connally was not an inmate of the Rusk County Jail at the time he allegedly mailed in his grievances. Unlike the plaintiff in *Allard*, Connally does not contend that

11

he suffered any injuries about which he could not have known during his confinement in Rusk County. Thus, the Magistrate Judge correctly determined that Connally's attempt to file grievances when he was not an inmate did not comport with the Rusk County Jail grievance plan and therefore did not amount to "proper exhaustion." *Woodford*, 548 U.S. at 89-95. Connally's objections are without merit.

## V. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 52) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Defendants' motion for summary judgment on the issue of exhaustion (docket no. 31) is **GRANTED** and the above-styled civil action is **DISMISSED WITH PREJUDICE** for purposes of proceeding *in forma pauperis*. It is further

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED**.

So **ORDERED** and **SIGNED** this **22** day of **August, 2017.**

_____
Ron Clark, United States District Judge